**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 24, 2012

Lyle W. Cayce
Clerk

No. 11-51030
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMOND F. HOFFMAN, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1443-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Raymond F. Hoffman, Jr., appeals his sentence following his guilty plea to possessing, with the intent to distribute, marijuana. Hoffman argues that his 18-month sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Hoffman concedes that because he did not object to his sentence after it was imposed, his challenge to his sentence is limited to plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To establish plain error, Hoffman must show

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51030

a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

When, as here, the district court imposes a sentence within the guidelines range, the sentence is afforded a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Hoffman has not shown that any of the sentencing factors he presented to the district court were not considered; nor has he shown that the district court made a clear error in balancing the sentencing factors in selecting his sentence. *See Cooks,* 589 F.3d at 186. Accordingly, no plain error has been shown, and the sentence is AFFIRMED.